UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JIMMIE D. LATRAY<br><br>  Plaintiff,<br><br> v.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation,<br><br>  Defendant. | Case No. C10-1315RSL<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

  This matter comes before the Court on Defendant's 'Motion For Summary Judgment.' Dkt. # 14. Plaintiff tripped and injured his left thumb and wrist while working for Burlington Northern Sante Fe Railroad (BNSF). Plaintiff subsequently sued defendant BNSF for negligence under the Federal Employers' Liability Act (FELA). He asserts, among other claims, that his injury resulted from defendant's failure to provide a reasonably safe workplace and adequate assistance.

  Summary judgment is proper only when, after viewing the facts in the light most favorable to the nonmoving party, the court finds no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c);

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
-1-

Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The moving party bears the initial burden of justifying the basis for its motion, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and identifying the materials in the record that show the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1).

Then, if the moving party meets this burden, the non-moving party must designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. That is, it must present probative evidence in support of its claim or defense: "the mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). The court must draw all reasonable inferences supported by the evidence in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). The court should grant summary judgment when the nonmoving party "fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, and taking the evidence in the light most favorable to the non-moving party, the Court GRANTS defendant's motion for summary judgment.

## BACKGROUND

The facts in this case are largely undisputed. On August 27, 2007, plaintiff was unloading parachute bags filled with rail anchors from the back of a flatbed trailer. Mot. at 2 (Dkt. # 14); Resp. at 2 (Dkt. # 19). The parachute bags were heavy and needed to be unloaded with a "speed swing" (a small crane). Id. The bags were attached to the swing

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

1  by a chain threaded through loops on top of the bag. See, e.g., Second Endres Decl., Ex.

2  1 (Dkt. # 22) (showing a photo depicting a recreation of the parachute bags, position of

3  speed swing, and attachment of bags to swing). Employees would follow several steps

4  to unload the parachute bags from the back of the trailer. First, the speed swing would

5  be moved into position near the trailer. Next, the chain would be looped through the bag

6  handles. Then, the speed swing would move the bag from the trailer to the ground,

7  where the chain would be removed. See First Endres Decl., Ex. 1 at 29–30 (Dkt. # 15).

8  Although several tasks are involved, it is physically possible for one individual to

9  unload the trailer, as plaintiff did on August 27, 2007. Plaintiff moved to the back of the

10  trailer, stepping over several parachute bags in the process. Mot. at 2 (Dkt # 14). After

11  hooking up the bag at the rear of the trailer, plaintiff then stepped over the remaining

12  parachute bags to return to the speed swing. Id. While stepping over the bags, plaintiff

13  tripped. Mot. at 2-3 (Dkt # 14). He fell forward and caught himself, hyper-extending his

14  left thumb in the process. Weber Decl. Ex. A at 3 (Dkt. # 23-1). His thumb and wrist

15  began to swell. Id. He spoke with a hotline nurse but did not want further medical

16  treatment; the nurse told him to apply ice and take over-the-counter pain relievers as

17  necessary. Id.

18  Plaintiff testified in a deposition that, in his opinion, he had adequate supervision,

19  tools, equipment, and protective equipment. First Endres Decl., Ex. 1, 201:15-16, 202:1-

20  3, 204:1-9 (Dkt. # 15). Plaintiff also testified that, in his opinion, the safety briefing was

21  adequate. Id. at 202:9-11. Plaintiff stated that he had assistance available if he needed

22  it. Id. at 167:4-6.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
-3-

# DISCUSSION

Plaintiff asserts several claims under FELA. Section 1 of FELA provides:

> Every common carrier by railroad while engaging in [interstate] commerce . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

45 U.S.C. § 51 (2006). FELA is not a strict liability statute or worker's compensation scheme; plaintiffs must establish negligence to recover. Ellis v. Union Pac. R. Co., 329 U.S. 649, 653 (1947) ("The basis of his liability is [the employer's] negligence, not the fact that injuries occur."). The definition of negligence is based on federal common law. Urie v. Thompson, 337 U.S. 163, 174 (1949). A plaintiff must establish "the traditional common law elements of negligence: duty, breach, foreseeability, and causation." Robert v. Consol. Rail Corp., 832 F.2d 3, 6 (1st Cir. 1987); see also Armstrong v. Burlington Northern R. Co., 139 F.3d 1277, 1279 (9th Cir. 1998) (negligence claim under FELA requires plaintiff to prove both negligence and causation). However, in keeping with FELA's remedial nature, the standard of causation is relaxed, requiring only that "employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." Rogers v. Missouri Pac. R. Co., 352 U.S. 500, 506 (1957).

Plaintiff claims that defendant was negligent by failing to (1) provide a reasonably safe workplace, (2) provide adequate supervision, tools, and equipment to reduce the risk associated with the job task, (3) provide adequate assistance in the job task, (4) hold an adequate safety briefing, (5) train plaintiff as to the dangerous aspects of the task,

(6) properly assess plaintiff's exposure to the risk of the job task, (7) provide adequate protective gear, and (8) comply with industry standards, company policies and federal law.

Summary judgment is proper on all claims. No reasonable jury could return a verdict in plaintiff's favor on any of these claims considering plaintiff's candid admissions. Despite counsel's creative efforts to create factual issues, plaintiff's testimony is clear. Plaintiff testified during his deposition that he could not think of any tools, equipment, or protection that he needed that defendant did not provide. First Endres Decl., Ex. 1, 202:1-3, 204:1-9 (Dkt. # 15). Plaintiff also testified that his coworker, Bart Wilson, "would have assisted him if he needed it. Id. at 167:4-6. This statement implies that plaintiff did not need assistance. Plaintiff testified that even if a coworker had been assisting him, he would have hooked up and stepped over the bags the same way. Id. at 112:1-18.[1] In other words, assistance from a co-worker would not have reduced plaintiff's risk of injury. Finally, plaintiff testified during his deposition that defendant provided an adequate safety briefing, and he has been unable to identify any standard, policy, or regulation with which defendant did not comply. Id. at 202:9-11, 204:13-14. Thus, the record shows no genuine issues of material fact, and summary judgment is proper.

---

[1] Plaintiff offered the opinion of an expert, Michelle Copeland, in an attempt to show that the assistance provided by defendant was inadequate. Ms. Copeland is not, however, an expert on the railroad industry or staffing requirements in the industry. Plaintiff, on the other hand, works in the industry and testified that additional assistance would not have kept him from stepping over the bags in the way that led to his injury.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
-5-

## CONCLUSION

For all of the foregoing reasons, defendant's motion for summary judgment (Dkt. # 14) is GRANTED. The Clerk of Court is directed to enter judgment against plaintiff and in favor of defendant.

Dated this 7th day of February, 2012.

*[signature]*

Robert S. Lasnik
United States District Judge